SOUTHERN TITLE & TRUST CO v. BINGHAM & MALEY CO., a Corporation.

163 So. 518.
Opinion Filed October 11, 1935.

*Ray Selden,* for Plaintiff in Error;

*John S. Byington,* for Defendant in Error.

BUFORD, J.—This case brings for review judgment on directed verdict in favor of defendant in a suit on a promissory note on which defendant was endorser, and was obligated as such.

The bill of exceptions was stricken by this Court by order entered November 14, 1934.

The first and second assignments of error are as follows:

"1st. The Court erred by its Order dated September 17th, 1931, in denying the motion to strike the defendant's first, second, third, fourth and fifth pleas and in overruling the demurrer to defendant's third and fourth pleas.

"2nd. The Court erred by its Order dated October 27th, 1931, in overruling and denying Demurrer to and Motion to strike defendant's amended second and amended fifth pleas."

The remaining assignments of error are based upon matters *in pais.* It will be observed that the first assignments of error questions the court's ruling in overruling plaintiff's motion to strike defendant's first, second, third, fourth and fifth pleas and in overruling plaintiff's demurrer to defendant's third and fourth pleas. Therefore, it follows that if either the first, second, third, fourth or fifth pleas was sufficient plea the assignment will be tested by the sufficiency of that plea. See Eaton v. Hopkins, 71 Fla. 615, 71 Sou. 922; Charlotte Harbor & Northern R. R. Co. v. Truitt, 81 Fla. 152, 87 Sou. 427.

The same rule is applicable to the second assignment of

.error which is based upon the ruling of the court in overruling demurrer and motion to strike second and fifth amended pleas.

The first plea is in the following language:

"That after the said note became due, and whilst the plaintiff was the holder thereof and before action, the makers of said note satisfied and discharged the principal and interest due on said note by payment."

This was a good plea of discharge by payment. Therefore, it becomes unnecessary to consider any of the other pleas under the first assignment of error.

The second amended plea was as follows:

"That the plaintiff whilst it was the holder of the said note, did without the consent of the defendant herein and for a valuable consideration, agree to release said Franklin N. Wood, Blanche V. Wood, J. B. Kahn and Olga Kahn, the makers of the said note, and thereupon the said plaintiff did there and then release and discharge said Franklin N. Wood, Blanche V. Wood, J. B. Kahn and Olga Kahn from any and all liability to the said plaintiff of and from said promissory note, and so it is that this defendant is discharged from any and all liability on the endorsement herein sued upon."

This was a good plea of discharge of liability for valuable consideration and under the rules above stated it becomes immaterial whether the amended fifth plea was good or bad.

It follows that the judgment must be affirmed. It is so ordered.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.